01

02

03

04

05

06

07                                    UNITED STATES DISTRICT COURT
                                     WESTERN DISTRICT OF WASHINGTON
08                                             AT SEATTLE

KARL LOUIS AMMANN,                          )    Case No. C07-1393-RSM-JPD
09                                          )
                        Petitioner,         )
10                                          )
            v.                              )
11                                          )    REPORT AND RECOMMENDATION
STEVE THOMPSON,                             )
12                                          )
                        Respondent.         )
13  _____ )

14                      I.   INTRODUCTION AND SUMMARY CONCLUSION

15          Petitioner Karl Ammann, proceeding *pro se* and *in forma pauperis* ("IFP"), is currently

16  incarcerated at the Snohomish County Jail in Everett, Washington, where he is serving a

17  sentence imposed by the Snohomish County Superior Court following his May 2007

18  conviction on charges of stalking, violating a protective order, and violating an anti-harassment

19  order.  It also appears that petitioner was sentenced to 300 days confinement by the

20  Snohomish County District Court on February 6, 2007, following its revocation of a suspended

21  sentence.  The proposed 28 U.S.C. § 2254 petition he has filed in this case appears to attack

22  both the conditions and the validity of his confinement.  Dkt. No. 1-1.[1]  The Court has granted

23

24

25          [1]  Between the dates of September 7 and 10, 2007, petitioner filed five lawsuits in this
    district.  Steve Thompson was named as the defendant/respondent in each suit.  Three of the suits
26  are designated as habeas corpus petitions pursuant to 28 U.S.C. § 2254, and two appear to be
    styled as civil rights actions brought under 42 U.S.C. § 1983.  In the instant petition, petitioner
    explains that he is "offering [his § 1983] civil rights complaints as a bargaining chip in exchange
    for support of [his habeas] relief provisions."  Dkt. No. 1-1 at 10.

REPORT AND RECOMMENDATION
PAGE – 1

01  petitioner IFP status, see Dkt. No. 4, but has not directed service of his petition. For the

02  reasons set forth below, the Court recommends that petitioner's § 2254 petition be DENIED

03  and this case DISMISSED without prejudice.

II.   DISCUSSION

A.      Petitioner's Habeas Claims Are Unexhausted

06  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

07  104-132, 110 Stat. 1214 (1996), governs petitions for habeas corpus filed by prisoners who

08  were convicted in state courts. 28 U.S.C. § 2254. In order for a federal district court to

09  review the merits of a § 2254 petition, the petitioner must first exhaust his state court

10  remedies. 28 U.S.C. § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir.

11  2005). The purpose of the exhaustion doctrine is to preserve federal-state comity which, in

12  this setting, provides state courts an initial opportunity to correct violations of its prisoners'

13  federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Ex parte Royall*, 117 U.S. 241,

14  251 (1886). A petitioner can satisfy the exhaustion requirement by either (1) fairly and fully

15  presenting each of his federal claims to the highest state court from which a decision can be

16  rendered, or (2) demonstrating that no state remedies are available to him. *Johnson v. Zenon*,

17  88 F.3d 828, 829 (9th Cir. 1996). A petitioner fairly and fully presents a claim if he submits it

18  "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper

19  factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir.

20  2005) (internal citations omitted).

21  The Ninth Circuit requires that a habeas petitioner explicitly identify the federal basis of

22  his claims by identifying specific portions of the Constitution or federal statutes, or by citing

23  federal or state case law that analyzes the Constitution. *Insyxiengmay*, 403 F.3d at 668;

24  *Fields*, 401 F.3d at 1021. Alluding to broad constitutional principles, without more, does not

25  satisfy the exhaustion requirement. *Id.* Although *pro se* petitioners may be entitled to more

26  leniency than habeas petitioners with counsel, *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir.

01   2003), such petitioners ordinarily do not satisfy the exhaustion requirement if the state court

02   must read beyond their motion in order to ascertain their claims. *Baldwin v. Reese*, 541 U.S.

03   27, 32 (2004).

04          Here, it is clear from the face of the petition that petitioner has not exhausted any of the

05   grounds for relief presented therein. *See* Dkt. No. 1-1 at 2-12. Petitioner insists that no direct

06   appeal was available or applicable, and implies that his lack of knowledge and lack of

07   assistance from the public defender's office obviates the exhaustion requirement. The Court

08   disagrees. The claims presented by petitioner that call into question the validity of his

09   conviction appear to be claims eligible for review in the state courts. Even assuming that a

10   direct appeal was not available to petitioner, the Washington Rules of Appellate Procedure

11   provide an avenue through which a petitioner may seek review of a restraint which is alleged to

12   be unlawful. *See* R.A.P. 16.4. Petitioner apparently made no effort to seek review of his

13   restraints under the provisions of that rule. In sum, petitioner has made no effort to exhaust his

14   federal habeas claims in the state courts, those claims are not eligible for federal habeas review.

15          B.      Petitioner's Prison Condition Claims Are Not Cognizable Under § 2254

16          In certain sections of plaintiff's petition, he appears to be challenging the conditions, as

17   opposed to the validity, of his confinement. *See* Dkt. No. 1-1 at 7, 19-20, 25-27, 30-31. Such

18   allegations, as well as petitioner's claim for monetary relief attendant thereto, are not

19   cognizable under the legal framework of habeas corpus, and should instead be brought in a

20   civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Nelson v. Campbell*, 541 U.S. 637,

21   643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's

22   confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of

23   habeas corpus.); *Muhammad v. Close*, 540 U.S. 749, 749 (2004) (per curiam) ("Challenges to

24   the validity of any confinement . . . are the province of habeas corpus; requests for relief

25   turning on circumstances of confinement may be presented in a § 1983 action.").

26

REPORT AND RECOMMENDATION
PAGE – 3

01                            III.   CONCLUSION

02          For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be

03  DENIED and this case DISMISSED without prejudice.  A proposed order accompanies this

04  Report and Recommendation.

05          DATED this 15th day of October, 2007.

06

07                                          _James P. Donohue_____

08                                          JAMES P. DONOHUE
                                            United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE – 4